Michael D. Adams (SBN 185835)
madams@rutan.com
Zack Broslavsky (SBN 241736)
zbroslavsky@rutan.com
RUTAN & TUCKER, LLP
611 Anton Boulevard, Fourteenth Floor
Costa Mesa, California 92626-1931
Telephone: 714-641-5100
Facsimile:  714-546-9035

Attorneys for Plaintiff
AMERICAN AUTOMOBILE ASSOCIATION, INC.

## UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

## FRESNO DIVISION

| | |
|---|---|
| AMERICAN AUTOMOBILE ASSOCIATION, INC., a Connecticut corporation,<br><br>Plaintiff,<br><br>vs.<br><br>K.C.M. BHAKTA MOTEL CORPORATION, a Nevada Corporation, RODEWAY INN, an entity of unknown form, MAHESHKUMAR R. BHAKTA, an individual doing business as K.C.M. BHAKTA MOTEL CORPORATION, and DOES 1 through 10, Inclusive<br><br>Defendants. | CASE NO. 1:11-CV-01873-LJO<br>HON. SANDRA M. SNYDER<br><br>**STIPULATED INJUNCTION AND ORDER GRANTING STIPULATED INJUNCTION**<br><br><br><br>COMPLAINT FILED: 11/9/2011<br>TRIAL DATE:             N/A |

This Stipulation is entered into by and between plaintiff AMERICAN AUTOMOBILE ASSOCIATION, INC. ("AAA") and defendants K.C.M. BHAKTA MOTEL CORPORATION, a Nevada Corporation, RODEWAY INN, an entity of unknown form, and MAHESH KUMAR K. BHAKTA (sued herein as MAHESH KUMAR R. BHAKTA) an individual doing business as K.C.M. BHAKTA MOTEL CORPORATION (collectively "Defendants") through their respective counsel. The parties agree to the following:

WHEREAS, on or about November 9, 2011, AAA filed a Complaint in the within action for 1) Federal Service Mark Infringement [15 U.S.C. § 1114(1)(a) and (b)]; 2) False Designation Of Origin [15 U.S.C. § 1125(a)]; 3 ) Trade Name Or Service Mark Dilution [15 U.S.C. § 1125(c)(1)]; 4) Injury To Business Reputation And Dilution [Cal. Bus. & Prof. Code § 14330]; 5) Unfair And Deceptive Trade Practices [Cal. Bus. & Prof. Code § 17000 et seq.]; 6) Common Law Unfair Competition And Trademark Infringement (the "Action").

WHEREAS, defendant K.C.M. BHAKTA MOTEL CORPORATION is the current owner of defendant RODEWAY INN.

WHEREAS, defendant MAHESH KUMAR K. BHAKTA is President and Director of defendant K.C.M. BHAKTA MOTEL CORPORATION.

WHEREAS, the Parties wish to settle the Action and avoid the disruption, inconvenience, uncertainty, and costs associated with the Action.

NOW THEREFORE it is agreed and stipulated by Plaintiff and Defendants, through their respective counsel, that:

1.   Defendants, and each of them, their officers, directors, partners, agents, servants, employees, attorneys, confederates, and all persons acting for, with, by, through or under them, and any others within their control or supervision, and all

others in active concert or participation with the above, will be permanently enjoined from using the designation "AAA" or any other name or mark incorporating Plaintiff's service marks, either alone or in combination with other words or symbols, in the marketing, sales, distribution, promotion, advertising, identification, or in any other manner in connection with any tourist accommodations and other related services at any locality in the United States;

2.  Defendants, and each of them, their officers, directors, partners, agents, servants, employees, attorneys, confederates, and all persons acting for, with, by, through or under them, and any others within their control or supervision, and all others in active concert or participation with the above, will be permanently enjoined from using the designation "AAA" or any other name or mark incorporating Plaintiff's service marks in any form or manner that would tend to identify or associate defendants' businesses or services with Plaintiff in the marketing, sale, distribution, promotion, advertising, identification, or in any other manner in connection with any business;

3.  Defendants, and each of them, their officers, directors, partners, agents, servants, employees, attorneys, confederates, and all persons acting for, with, by, through or under them, and any others within their control or supervision, and all others in active concert or participation with the above, will be permanently enjoined from referring to their businesses as "triple A approved" (either orally or in writing) in the marketing, sale, distribution, promotion, advertising, identification, or in any other manner in connection with any business;

4.  Defendants, and each of them, their officers, directors, partners, agents, servants, employees, attorneys, confederates, and all persons acting for, with, by, through or under them, and any others within their control or supervision, and all others in active concert or participation with the above, will be permanently enjoined from representing to anyone (either orally or in writing) that their businesses are affiliated with Plaintiff in any way or is an AAA agent or contractor

unless their businesses are approved by Plaintiff to be an AAA agent or contractor;

5. Defendants will deliver to Plaintiff's attorney within thirty (30) days after the entry this injunction, to be impounded or destroyed by Plaintiff, all literature, signs, labels, prints, packages, wrappers, containers, advertising materials, stationery, and any other items in their possession or control that contain the infringing designation "AAA" or any other name or mark incorporating Plaintiff's service marks, either alone or in combination with other words and symbols;

6. Defendants will remove from their business premises within thirty (30) days after the entry of this injunction, all instances of the "AAA" designation, and to destroy all molds, plates, masters, or means of creating the infringing items;

7. Defendants will instruct, within thirty (30) days after the entry of this injunction, any print directory, Internet directory, or website that they have caused to carry the AAA mark, including, without limitation, any reference to the "AAA" designation or other infringing designation, to cease using such names at the earliest possible date;

8. Defendants will file with the Clerk of this Court and serve Plaintiff, within thirty (30) days after the entry of this injunction, a report in writing, under oath, setting forth in detail the manner and form in which defendants have complied with 1 through 7 above.

9. Nothing contained herein shall be construed to prevent or prohibit Defendants from applying to Plaintiff at a future date for approval or listing by Plaintiff pursuant to all of Plaintiff's rules, regulations, and requirements as they may exist at the time of any such future application.  If Plaintiff, in its sole discretion approves any such application for approval or listing, then this Stipulated Injunction shall be of no further force or effect.

10. AAA and Defendants will file a Stipulation for Dismissal within (5) days of AAA receiving a satisfactory written report from Defendants pursuant to paragraph 8.  The Court shall retain jurisdiction over this matter subsequent to the

1 filing of Stipulation for Dismissal for the purpose of enforcing this injunction.

3  Dated:  December 7, 2011        RUTAN & TUCKER, LLP
                                   MICHAEL D. ADAMS
4                                  ZACK BROSLAVSKY

                                   By:      /s/
                                       Michael D. Adams
                                       Attorneys for Plaintiff
                                       AMERICAN AUTOMOBILE
                                       ASSOCIATION, INC.

9  Dated:  December 7, 2011        HARDY & PLACE
                                   THOMAS L. HARDY


                                   By:      /s/

                                       Attorneys for Defendants
                                       K.C.M. BHAKTA MOTEL
                                       CORPORATION, RODEWAY INN,
                                       MAHESH KUMAR K. BHAKTA,
                                       d/b/a K.C.M. BHAKTA MOTEL
                                       CORPORATION


## **ORDER**

This Court GRANTS the parties' stipulated injunction and ORDERS the parties, no later than January 31, 2012, to file papers to dismiss this action in its entirety, or to show good cause why this action should remain open.




IT IS SO ORDERED.

   Dated:  **December 13, 2011**          **/s/ Lawrence J. O'Neill**
                                          UNITED STATES DISTRICT JUDGE